UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BORIS KHVAN,                                                 :
                 Plaintiff,                :
                                            :
       -against-                           :     **REPORT AND**
                                            :     **RECOMMENDATION**
NYC GLASS WORKS CORP., MICHAEL                               :
GRANT, and MIKHAIL ROMANCHENKO,                              :     21 Civ. 3103 (WFK) (VMS)
                                            :
                 Defendants.               :
------------------------------------------------------------ x

**Scanlon, Vera M., United States Magistrate Judge:**

       Plaintiff Boris Khvan commenced this action against Defendants NYC Glass Works Corp. ("NYC Glass Works"), Michael Grant and Mikhail Romanchenko, asserting claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and Articles 6 and 19 of the New York Labor Law ("NYLL"), to recover lost wages and other relief related to his employment by Defendants. See Compl., ECF No. 1 ¶¶ 1-2, 47. Plaintiff and nonparty FGT, LLC ("FGT"), entered into a settlement agreement (the "Agreement"), releasing Defendants, FGT and nonparty Irena Zolotova from any and all wage-related claims, as defined in the Agreement. The parties jointly moved under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), for approval of the Agreement. See ECF Nos. 21-22. For the following reasons, the Court respectfully recommends that the District Court approve the Agreement and dismiss Michael Grant and Mikhail Romanchenko from the case with prejudice.

**I.   BACKGROUND**

       Defendant NYC Glass Works was a small business operated by Defendant Michael Grant[1] in Brooklyn, New York. See Joint Mem., ECF No. 22 at 2. In addition to NYC Glass

---

[1] Defendant Michael Grant was formerly known as Mikhail Romanchenko. The Court will refer to him herein as "Mr. Grant."

Works, Mr. Grant owned numerous other companies, including FGT. See Transcript, ECF No. 25 at 4. Irena Zolotova was an investor and vice president of FGT. Id. at 4-5. Plaintiff, who was employed as a laborer at NYC Glass Works from May 2019 to February 2021, alleges that Defendants engaged in a variety of FLSA and NYLL violations, including "the failure to pay lawful wages and notice and recordkeeping violations." Id. at 1-2. Sadly, after this action was commenced, Mr. Grant passed away. Defendant NYC Glass Works filed a statement of death on the docket. See ECF No. 17. To date, no party moved to substitute a successor or representative.

The parties state that, prior to Mr. Grant's death, NYC Glass Works was in debt, which Defendants "demonstrated [to Plaintiff] by producing relevant tax records confidentially." See Joint Mem., ECF No. 22, at 3. Mr. Grant also had little in personal assets at the time of his death. Id. An additional complication in the case was that NYC Glass Works used a third-party company to keep time records for its employees. See Transcript, ECF No. 25 at 8. That third-party company refused to provide the time records to Defendants during discovery because NYC Glass Works was unable to pay them. See Joint Mem., ECF No. 22, at 3. Mr. Grant's passing "hastened NYC Glass Works ceasing its operations." Id.

During discovery, Plaintiff alleged that FGT was his joint employer along with NYC Glass Works and stated his intention to seek leave to amend the Complaint to add FGT as a defendant. See Transcript, ECF No. 25 at 4. Although FGT believes that "Plaintiff will be unable to prove that it employed Plaintiff," FGT offered to engage in settlement discussions to avoid becoming involved in the litigation.[2] See Joint Mem., ECF No. 22 at 3. Plaintiff and FGT

---

[2] There is no evidence before the Court that Plaintiff worked for FGT, that FGT is liable for Plaintiff's alleged damages or that FGT is responsible for any liabilities of NYC Glass Works.

2

reached a settlement agreement. Pursuant to the Agreement, FGT agreed to pay Plaintiff $7,500.00, and Plaintiff agreed to release FGT, FGT Vice President Irena Zolotova, NYC Glass Works and Mr. Grant from, <u>inter alia</u>, all wage claims under the FLSA and NYLL. <u>See</u> Agreement, ECF No. 22-1 at 3-4 (ECF Pagination). After the parties submitted the Agreement and a stipulation of dismissal for the Court's approval, the Court held a Telephonic Fairness Hearing, during which Mr. Khvan confirmed his satisfaction with the settlement and his understanding of the meaning of the release. <u>See</u> Transcript, ECF No. 25 at 9-12.

## II. LEGAL STANDARDS

### a. Substitution Of Decedent

Federal Rule of Civil Procedure 25 governs the substitution of parties. Rule 25(a) states in relevant part,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Second Circuit has held that where "a plaintiff is properly served a statement of death for a defendant, the 90-day clock begins running under Rule 25(a)(1) for the plaintiff to file a motion to substitute the decedent's successor or representative." <u>Kotler v. Jubert</u>, 986 F.3d 147, 156 (2d Cir. 2021), <u>cert. denied</u>, 142 S. Ct. 598 (2021).

### b. Rule 41(a)(1)(A)

Federal Rule of Civil Procedure 41(a)(1)(A) provides:

> Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>     (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>     (ii) a stipulation of dismissal signed by all parties who have appeared.

3

Fed. R. Civ. P. 41(a)(1)(A).  In Cheeks, the Second Circuit held that the FLSA is an "applicable federal statute" and that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks, 796 F.3d at 206.  "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."  Kochilas v. Nat'l Merch. Servs., Inc., No. 14 Civ. 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015).

District courts in this Circuit evaluate the fairness of a settlement agreement by considering the factors outlined in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  See Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020).  The Wolinsky factors include

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky, 900 F. Supp. 2d at 335.  "Even if application of the Wolinsky Factors demonstrates that the agreement is fair and reasonable, the court must also consider whether the settlement complies with the Second Circuit's admonitions as articulated in Cheeks."  Miller v. United Parcel Serv., Inc., No. 20 Civ. 05244 (JMW), 2023 WL 2214107, at *2 (E.D.N.Y. Feb. 24, 2023) (internal quotation marks omitted).  These admonitions require the Court to guard against, inter alia, highly restrictive confidentiality provisions, overbroad releases, unsupported attorneys' fee awards and restrictions on attorneys' future representations.  See Cheeks, 796 F.3d at 206 (citations omitted); Miller, 2023 WL 2214107, at *2.

4

### III. DISCUSSION

#### a. The Individual Defendants Should Be Dismissed

All parties agree that Mr. Grant (who is named in the Complaint twice, under the names Michael Grant and Mikhail Romanchenko, see ECF No. 1) should be dismissed pursuant to Rule 25 because no party moved to substitute a representative or his estate within 90 days of service of the notice of death. See Fed. R. Civ. P. 25(a)(1); Kotler, 986 F.3d at 156. This Court respectfully recommends that the District Court dismiss Michael Grant and Mikhail Romanchenko from the case with prejudice.

#### b. The Wolinsky Factors Favor Approval Of The Settlement

The first Wolinsky factor is "the plaintiff's range of possible recovery." Wolinsky, 900 F. Supp. 2d at 335 (citations omitted). Plaintiff asserts that his best possible recovery would be "$21,750.00 in unpaid overtime and $21,750.00 in liquidated damages." See Joint Mem., ECF No. 22 at 2. Apart from any possible merits, Plaintiff faces a significant possibility of not obtaining a recovery even if he were to prevail on his claims. Assuming the Individual Defendants are dismissed pursuant to Federal Rule of Civil Procedure 25, supra, Part III(a), NYC Glass Works would be the sole remaining Defendant. As discussed, NYC Glass Works was in debt prior to Mr. Grant's passing, and it has been unable to take part in the litigation or engage in settlement discussions as it is no longer operating. See Section I, supra. Any attempt by Plaintiff to seek a default judgment against NYC Glass Works would likely be futile due to its inability to pay.

Even if Plaintiff were to join nonparty FGT as a Defendant, it is not clear that he could prevail on any claims against FGT. Although Plaintiff asserts that FGT was his "joint employer," FGT disputes that assertion, and there are no facts in the record supporting Plaintiff's claim that FGT could be held liable or that Plaintiff even ever worked for FGT. See Joint Mem.,

5

ECF No. 22 at 3.  Accordingly, FGT's willingness to pay $7,500.00 "solely to avoid the costs of litigation," may be the only chance for Plaintiff to recover money in connection with his claims and is a practical result for Plaintiff and FGT.  Plaintiff and FGT's Agreement to settle for $7,500.00 at this stage avoids the serious risk of a zero recovery.

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." Wolinsky, 900 F. Supp. 2d at 335 (quotations & citations omitted).  Defendants raise disputes that would warrant further litigation and associated costs and expenses.  Defendants maintain that "their records show the hours Plaintiff worked and the wages he earned [and] that Plaintiff would not succeed in proving his claims." Joint Mem., ECF No. 22 at 3.  Defendants maintain that "even if Plaintiff succeeded on liability, his damages were not near what Plaintiff claimed them to be."  Id.  Either or both sides would also have to bear the burden of obtaining the third-party company that maintains the NYC Glass Works time records, as NYC Glass Works has been unable to obtain them due to its lack of funds.  See Transcript, ECF No. 25 at 8.  As discussed, FGT disputes that it ever employed Plaintiff.  The Agreement prevents the need to litigate these issues.  For Plaintiff, he avoids the risk that his case could very easily collapse with no recovery.

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," Wolinsky, 900 F. Supp. 2d at 335 (citations omitted), Plaintiff faces a serious risk of failing to recover the amount he believes he is owed.  As the parties point out, Mr. Grant had few personal assets, and an attempt to recover assets "would likely require extensive debt collection efforts by Plaintiff with little to no chance at recovery given that the business is no longer operating, and Mr. Grant (its sole operator) is dead." Joint Mem., ECF No. 22 at 3.  Defendants

do not seem to face any real risk of suffering an enforceable judgment, and FGT appears to face minimal exposure.

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," Wolinsky, 900 F. Supp. 2d at 335 (quotations & citations omitted). The parties and FGT represent that they "engaged in good-faith, arm's length settlement negotiations, regarding not only Plaintiff's FLSA claims, but also his state law claims." Id. The fourth factor is satisfied.

The final factor is the possibility of fraud or collusion, Wolinsky, 900 F. Supp. 2d at 335 (citations omitted); there are no indications of fraud or collusion present.

The recovery here is a good one for Plaintiff, given the parties' bona fide factual disputes in this case and the serious risk that Plaintiff would fail to recover any damages if the case were to be litigated further. Plaintiff affirmed on the record that he is satisfied with the settlement. See Transcript, ECF No. 25 at 11. The Wolinsky factors thus weigh in favor of approval.

### c. The Attorneys' Fees Are Fair And Reasonable

Under the Agreement, Plaintiff's counsel will receive $2,500.00 in attorneys' fees, which constitutes one-third of the total settlement amount. Plaintiff's counsel's claimed lodestar of $4,640.00 demonstrates the reasonableness of the apportioned fees. See ECF No. 22. The attorneys' fees are significantly lower than Plaintiff's counsel's alleged lodestar. See Joint Mem., ECF No 22 at 5. This attorneys' fee apportionment is reasonable. See Quispe v. Stone & Tile Inc., 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022) (noting that "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit") (internal quotations & citations omitted); Rubio v. BSDB Mgmt., Inc., 548 F. Supp. 3d 362, 367 (S.D.N.Y. 2021) (stating that, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with his attorneys, and even when the proposed fees do not exceed one third of the total settlement amount, courts in this

circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees") (footnote, internal quotations & citation omitted).  Plaintiff agrees with the proposed payment of fees to his attorney.  See Transcript, ECF No. 25 at 11.

### d. The Settlement Does Not Implicate Other Cheeks Concerns

The settlement does not implicate any other Cheeks concerns, such as overbroad releases or restrictive confidentiality provisions.

### IV. Conclusion

For the foregoing reasons, this Court respectfully recommends that the District Court approve the settlement as fair and reasonable pursuant to Cheeks and dismiss Michael Grant and Mikhail Romanchenko from the case with prejudice.

Dated: Brooklyn, New York
July 18, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge